FILED
DEC 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
THE DISTRICT OF COLUMBIA

CARLETTA DAVIS
4281 6TH ST., SE APT 301
WASHINGTON, DC 20032

　　Petitioner,

vs.

Michael J. Astrue
Commissioner, Social Security Admin.
6401 Security Blvd
Windsor Park Building
Baltimore, Maryland 21235-0001

Case: 1:07-cv-02266
Assigned To : Lamberth, Royce C.
Assign. Date : 12/18/2007
Description: Admn Agency Review

JURY TRIAL

PETITION AND COMPLAINT FOR JUDICIAL REVIEW
OF CLAIMANT'S DENIAL OF SOCIAL SECURITY BENEFITS

PROCEDURAL HISTORY

On or around April 22, 2006, the Office of Social Security issued its notice of an unfavorable Decision regarding its denial of Ms. Davis's insurance benefits and supplemental income. Ms. Davis filed her petition for Review of the Agency's Final Decision on or around June 21, 2006, which was timely filed within the 60 time limitation. Ms. Davis applied to file her petition informa pauperis for purposes of waiving the $350.00 fee. However, her request was denied and Ms. Davis appealed the denial and filed her petition for a writ of mandamus and memorandum of law in support of proceeding in forma pauperis. On December 5, 2007, the United States District Court for the District of Columbia granted Ms. Davis' motion for leave to file this petition for review in forma pauperis. See Order Attached.

1

1. Carletta Davis, (herein after "Claimant") hereby petitions the court for a review of the April 22, 2006 Unfavorable Decision entered by the Social Security Commission. Claimant specifically alleges that the Administrative Law Judge (herein after "ALJ") wrongly discredited the diagnosis of her treating physician Dr. Whelton; The ALJ wrongly or incorrectly discounted claimant's symptoms of pain based on an absence of objective medical evidence; the ALJ erred in relying upon an erroneous Residual Functional Capacity Assessment Evaluation, which was also based upon a daily activities statement which claimant states that to her knowledge she is not provide or supply Exhibits 5 E, 4E and 15E; that the ALJ did not consider the impact of pain medications on her ability to work and that the ALJ did not properly evaluate her diagnosis of major depressive disorder and anxiety.

## JURISDICTION

2. Jurisdiction is asserted pursuant to 42 USC 405(g) for review of Agency decisions and Title II under the Social Security Act 205(g); Title XVI (Supplemental Security Income) is provided for in Section 1631©(3) of the Social Security Act; and Section 1831 ( c) of Title 42 of the United States Code.

## PARTIES

3. Carletta Davis, (herein after the "Petitioner") is an individual who at all times resided within the District of Columbia. At all times, the Petitioner

timely filed her application with the District of Columbia's local office, located at 2100 M Street, NW, Washington, DC 20037.

4. The defendant, Michael J. Asure, (hereinafter "Commissioner"), is the Commissioner of the Department of Social Security Administration and in that capacity is charged under the Social Security Act with the administration of the of the Social Security Benefits. The defendant's principal place of business is located at 6401 Security Blvd, Windsor Park Building Baltimore, Maryland

## FACTUAL BACKGROUND

1. On October 17, 2002, the claimant filed application for disability insurance benefits and supplemental security income based on emotional distress and physical pain and stated that she became disabled and unable to work on June 19, 2001.

2. For several years, Claimant was unable to work due to physical pain all over her body.

3. In 2002 Claimant was seen by Dr. Sheen, a Rheumatologist, an expert in arthritis, diagnosed Claimant as having symptoms consistent with those of fibromyalgia.

4. Dr. Sheen further noted during her examination of claimant that there were actually positive trigger points at the cervical occiput, sternum, trapezius and

lower back and lateral epicondyle regions consistent with areas generating fybromalgia like pain.

5. On 12/10/02 Claimant was seen by a second Rheumatologist, Dr. Whelton, also an expert in arthritis and fibromyalgia. Dr. Whelton performed a series of tests and blood work to rule out other symptoms. These test were not performed by Dr. Sheen. Based upon his medical findings he properly diagnosed claimant as suffering from fbromyalgia, and in addition to arthritis.

6. On June 28, 2005 Claimant received surgery on her right shoulder for purposes of relieving arthritic pain in her shoulder. This surgery was performed by Dr. Carroll, an orthopedic specialist.

7. From January 2003 to 2004, Claimant was seen by Dr. Blake, a neurologist, who treated claimant for the chronic migraines. Dr. Blake prescribed many of the medications for use of claimant's headaches. Exhbit 5F.

8. On several occasions, from December 2002 to July, 2003, Claimant suffered from physical symptoms including swollen feet and hands, which were identified as inflammatory anthropathy, followed by severe headaches. Claimant's symptoms of pain were severe enough to require her bought in, by ambulance to Georgetown University Hospital, for immediate treatment. All symptoms were medically documented and attributed to the fibromyalgia and arthritis. Exhibits 1F; 2F; 4F; 5F; and 9F.

9. On April 25, 2003, Claimant was also diagnosed with major depressive episodes, mood disorders and anxiety. Exhibit 6 F.

10. The constant stress and pain Claimant experience was identified and documented on 9/02/2003. Exhibit 11 E.

11. Over the course four to five years, Claimant was prescribed the following medication to control her pain: Oxycotin; motrin on a daily basis; Effexor, Neaproxen 500; zolof, Sertic, Proxiacam, trazadron, flexural. 6F or 3F; Imitrex 50 mg, Mortin 800 mg prn; Elavil 25 mg q which was increased to 50 mg q day. 6 F. The pain medications, which were taken on a daily basis caused Claimant to become drosey, disorientated. In order to function in daily life, Claimant had to endure pain and could only take medication once she reached home. This required her to sleep it off for several hours.

12. On November 10, 2005, claimant participated in a hearing before the Administrative Law Judge. With she bought her bottles of medication, and testified as to the headaches and pain she felt on a daily basis. She further testified as to her inability to take the medications and function without laying down.

13. When claimant arrived at the court she wore a leg brace and carried a cane. As a result of unrelated diagnosis which occurred sometime after her request for SSI on the claim of fybromalgia, Claimant suffered problems with her leg and foot. As testified by the Claimant there were several times in which her knee gave out

from under her and that at times she needed the help of her daughter to assist her up the stairs. Claimant was seen by three podiatrists, Dr. Ian Blizer, Dr. Carroll and Dr. Klincoskiy regarding her leg. Dr. Biezer prescribed the use of a cane. Drs. Carroll and Klinozky later prescribed a leg brace which claimant wore to the hearing. The ALJ did not request for require additional information regarding claimant's leg brace and the use of her cane.

14. At no time was claimant provided with the results of any evaluations identified and performed by any DDS physician. 13F; 14F; 15 F; nor were such documents provided to claimant's treating physican for his review of the tests or techniques used.

## INCORRECT FACTUAL FINDINGS ON WHICH THE ALJ BASED HIS DECISION

1. Plaintiff refers to and incorporates by reference each allegation contained in Paragraphs 1 through 14 of the Complaint as though fully set forth herein.

2. The decision by the ALJ is not substantially supported by the record.

3. The AJL relied upon and referred to a Physical Functional Capacity Assessment performed by Dr. Isabel Pico dated April 27, 2004. (Exhibit 15F). Claimant never saw Dr. Pico, never participated in a Physical Functional Capacity Assessment test. Furthermore the results of this test were completely in error. There is nothing in Claimant's record which supports any finding that Claimant could

perform activities at the medium exertional level, that she could "lift 25 pounds frequently and 50 pounds occasionally. (page 5 of 13). All medical documents provided state that claimant could barely lift 10 pounds. Claimant testified that she needed assistance carrying groceries to her home, carrying laundry baskets, etc....

4. The ALJ also discounted the diagnosis of Dr. Whelton. Court cancelled out the diagnosis of Dr. Whelton over Dr. Sheen with regards to the diagnosis of fibromyalagia (pg 6 of 13). However, this is gross error because Claimant only saw Dr. Sheen twice. Dr. Whelton's diagnosis were based upon a series of tests, example patient's blood work, bone density tests, to rule out lupus any other symptoms. Dr. Whelton who has been seeing Ms. Davis for over 4 years concluded that Claimant suffered from fibromyalagia and arthritis.

5. Secondly, the ALJ erred in his interpretation of Dr. Sheen's evaluations.
6. Dr. Sheen never ruled out fibromyalagia. In her handwritten note she stated that Ms. Davis was not a candidate however, her symptoms were in that family. In fact, Dr. Sheen noted in her report that there were positive trigger points at the cervical occiput, sternum, trapezius and lower back and lateral epicondyle regions. Exhibit 3 F.

7. At the time claimant saw Dr. Sheen she had been taking motrin, 800 mg, on a daily basis to help with the inflammation. The ALJ was incorrect in his

interpretation that because Dr. Sheen did not note clinical findings of anthropathy, none existed. At the times claimant was taken to Georgetown Hospital the emergency room findings clearly noted that claimant displayed: swelling of hands and feet, congestion, blood clots, and inflammatory arthropathy, along with the identified trigger points and stressors which esceerbated her condition. Exhibit 4F

8. The ALJ did not correctly apply the law. The ALJ determined that because Fibromyalgia is not a listed impairment, it was determined that the objective evidence must support specific findings of another listed impairment and compared claimant's condition to an impairment of the immune system which required a "major dysfunction of a joint or gross anatomical deformity and chronic joint pain and stiffness. The ALJ failed to consider arthritis as a similar disease that could contribute to pain and joint pain. Claimant was diagnosed with arthritis by Dr. Whelton See sheet identified 9 F,

9. The ALJ incorrectly assessed that Claimant had no medical documentation which supported her use of a cane or leg brace. Dr. Ian Bizer, a podiatrist, prescribed the use of a cane to assist Ms. Davis in walking. Dr.'s Delahey Dr. Carroll and Klincokwist prescribed knee braces with the metal hook to alleviate pain due to spur syndrome. The ALJ further incorrectly discounted Ms. Davis testified that her knee had given out on her on occasion and that she needed the assistance of

the brace to help her walk. There was also surgery done on Ms. Davis to cut out the arthritis from her shoulder. (Page 10 of 13)

10. ALJ erred in discrediting claimant's claim that she suffered from chronic fatigue. Weight gain and depression are medical evidence of fatigue. Dr. Milknowski's stated that claimant suffered from moderate obesity weight 182 pounds for a height of 5 feet 1 inch. Pg 4 to 13. Dr. Miknowski concluded that claimant's ability to carry and lift were mildly restricted and that walking and standing were mildly restricted. Furthermore, claimant was diagnosed with depression with poorly organized thinking. She was also diagnosed by Dr. Schiff with major depressive disorder, anxiety disorder and personality disorder. The residual capacity is evidence of fatigue. Claimant did suffer a weight gain up to 187 pound due to medication. Then she suffered weight loss.

11. ALJ erred in assessing the credibility of claimant's claim of chronic pain against evidence provided by both psychologist, and her treating physicians. First, claimant testified to the abundance of medication that she had to take on a daily basis. She had been proscribed various pain medication which she took on a daily basis ex oxycotin; motrin on a daily basis; Effexor, Neaproxen 500; zolof, Sertic, Proxiacam, trazadron, flexural. Exhibits 3F and 6F or 3F. The record clearly identified that Ms. Davis was prescribed medication from George Town hospital; motrin; Imitrex 50 mg, Mortin 800 mg prn; Elavil 25 mg q which was increased to 50 mg q day. Exhibit 6 F.

12. The ALJ failed to consider the symptoms of fibromyalgia and pain as determined under Stewart v. Apfel 245 F.3d 793; Moore v. Jo Anne B. Barnhart 405 F.3d 1208. The adjudicator must consider whether there is an underlying medically determinable physical or mental impairment shown by clinical and laboratory diagnostic techniques that could reasonably be expected produce the pain or symptoms. There is sufficient medical evidence and support which establishes that claimant suffers from fibromyalgia which is the established source of the pain. Both Dr.'s found seven to eight trigger points to establish fibromyalgia. The medical record corroborated physical evidence of pain which included swollen feet, inflammation, and headaches.

13. The ALJ erred in determining that claimant could perform light sedentary work in view of her condition. The is undisputed that she is in chronic pain and must taken medication to manage her pain. Although, Claimant walks her daughter to and from school, attempts to do some housework and drive, these are necessities that claimant must perform. She testified that in order to perform the tasks, she has to do it without medication and can only stand the pain for short periods of time. With the medications taken on a daily basis, the triggering of headaches and the onset stress that accompanies any job, the ALJ failed to take any of this into consideration.

PRAYERS OF RELIEF

WHEREFORE, petitioner respectfully requests that this Court:

1. Reverse the decision of the Social Security Commission and order the Department of Social Security to award plaintiff disability insurance and supplemental security income. compensation benefits for the ten weeks that were wrongly denied.

2. Grant the plaintiff compensation for any and all legal costs incurred with respect to this Complaint for Judicial Review.

3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted

_____
Carletta Davis
4281 6TH ST., SE APT 301
WASHINGTON, DC 20032
(202) 373-5043

Pro-Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: CARLETTA M. DAVIS,           )
                                    )
        Petitioner,                 )
                                    )   Misc. Action No. 06-00401 (RCL)
                                    )

## ORDER

In light of the Court's granting of petitioner's motion for leave to proceed *in forma pauperis* [Dkt. No. 5] and the remand of this case from the appellate court [Dkt. No. 6], it is this 5th day of December 2007,

ORDERED that within fourteen (14) days from the filing date of this Order, petitioner shall submit her complaint to the Clerk of this Court; and it is

FURTHER ORDERED that upon receipt of the complaint, the Clerk shall immediately open this case as a civil action assigned to the undersigned judge, prepare and issue the summons, and provide the summons and a copy of the complaint to the United States Marshals Service to effect service of process.

SO ORDERED.

                        _____s/_____
                        Royce C. Lamberth
                        United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: CARLETTA M. DAVIS, )
)
Petitioner, )
)
) Misc. Action No. 06-00401 (RCL)
)

### ORDER

In light of the Court's granting of petitioner's motion for leave to proceed *in forma pauperis* [Dkt. No. 5] and the remand of this case from the appellate court [Dkt. No. 6], it is this 5th day of December 2007,

ORDERED that within fourteen (14) days from the filing date of this Order, petitioner shall submit her complaint to the Clerk of this Court; and it is

FURTHER ORDERED that upon receipt of the complaint, the Clerk shall immediately open this case as a civil action assigned to the undersigned judge, prepare and issue the summons, and provide the summons and a copy of the complaint to the United States Marshals Service to effect service of process.

SO ORDERED.

_____s/_____
Royce C. Lamberth
United States District Judge

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS** Carletta M. Davis
4281 6.Th Street S.E. #301
Washington, D.C. 20033

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (NP)

**DEFENDANTS** Michael J. Astrue
Commissioner Social Security Adm,
6401 Security Blvd
Windsor Park Bldg.
Baltimore Maryland
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED      21225-0001

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Case: 1:07-cv-02266
Assigned To : Lamberth, Royce C.
Assign. Date : 12/18/2007
Description: Admn Agency Review

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☒ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☒ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

no payment

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Judicial Review 28 USC 1391

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 75,000   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES   ☐ NO   06ms 00401   If yes, please complete related case form.

DATE 12-18-07   SIGNATURE OF ATTORNEY OF RECORD  *Arletta M. Davis*

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.